IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HARVEY PATRICK SHORT,               *
       Petitioner,
                                *

v.                                              CIVIL ACTION NO. DKC-07-347
                                *

JOHN MCKAY, et al.,
       Respondents.                    *
                                ******

## **MEMORANDUM**

The above-captioned application for habeas corpus relief, dated February 4, 2007, was received in this court on February 8, 2007. Respondents have filed an Answer to the Petition. Paper No. 7. Petitioner has not replied. For the reasons that follow, the Petition must be denied and dismissed with prejudice.

In the instant case, Petitioner claims that a proposed re-sentencing hearing for a conviction entered by the Circuit Court for Prince George's County, Maryland in 1988 would violate his constitutional rights. Paper No. 1. The court is familiar with that history as Petitioner previously filed a civil rights complaint based on actions taken by state court judges in that case. *See Short v. Doe*, Civil Action No. DCK-06-2217 (D. Md. 2007).[1]

---

[1]

As explained in that case:

    [On June 26, 1988, Plaintiff entered a guilty plea] in the Circuit Court for Prince George's County, Maryland in Case Nos. 88-0281B and 88-067X. Plaintiff entered into a plea agreement which contemplated that he would plead guilty in Case No. 88-0281B to robbery with a deadly weapon, and guilty in Case No. 88-0867X to use of a handgun in the commission of a crime of violence. The State's Attorney agreed to recommend a fifteen-year prison term in each case, to be served concurrently. The presiding judge agreed to impose no more than a ten-year concurrent prison term if Plaintiff's Pre-Sentence Investigation (PSI) demonstrated no prior convictions for crimes of violence. Paper No. 1.

    During the PSI Plaintiff was interviewed by an unknown probation agent. Plaintiff advised this agent that a 1985 burglary conviction noted in his record was inaccurate and that he had never been convicted of that offense. Nevertheless, the PSI report included the 1985 burglary conviction. The unknown agent and Probation Agent Pressie Boykin recommended in the PSI Report that Plaintiff receive the maximum penalty at sentencing.

    At sentencing, the Honorable William D. Missouri declined to impose the ten-year term

Plaintiff's 1988 convictions have been nolle prossed, thus rendering this Petition moot. Paper No. 7.[2]  Moreover, Petitioner is not "in custody" for the purposes of 28 U.S.C. § 2254(a). *Lackawana County District Attorney v. Coss*, 532 U.S. 394, 401 (2001).  Therefore, his Petition shall be dismissed.

A separate order shall follow.

|   August 28, 2007   |         /s/         |
|---|---|
| Date | DEBORAH K. CHASANOW<br>United States District Judge |

---

based on the 1985 burglary conviction, and sentenced Plaintiff to a 40-year term, with ten years suspended and five years probation upon release. *Id.*  Plaintiff states that Assistant State's Attorneys White and Creech violated the plea agreement at sentencing in that they did not recommend Plaintiff be sentenced to the agreed-upon two 15-year concurrent terms.

Plaintiff pursued post-conviction relief in the Circuit Court for Prince George's County. On May 30, 1990, the Honorable William H. McCullough vacated the guilty pleas and sentences, finding that the 1985 burglary conviction referenced in the PSI Report was inaccurate and that the State's Attorney breeched the plea agreement by failing to recommend a fifteen-year sentence.  Judge McCullough ordered a new trial. On that same date, Plaintiff entered into a new plea agreement and received concurrent fifteen year sentences. *Id*

On September 24, 1996, the Maryland Court of Special Appeals vacated Plaintiff's 15-year sentences, finding they violated the 1988 plea agreement. The intermediate appellate court remanded the cases for re-sentencing with instructions that Plaintiff receive no more than a ten-year term. *Id*. Thereafter, the Honorable Audrey E. Melbourne issued a corrected commitment record to reflecting a 10-year sentence and forwarded the corrected commitment record to the Maryland House of Correction-Jessup, Maryland. Judge Melbourne did so without holding a sentencing hearing. *Id*.

Plaintiff filed a Petition for Writ of Coram Nobis in the Circuit Court for Prince George's County, Maryland.  On August 7, 2006, Prince George's County Circuit Court Judge Maureen Lamasney found that the corrected commitment record issued by Judge Melbourne was void.  The Judge referred the case to the State's Attorney for Prince George's County and ordered that Plaintiff be brought to Maryland for resentencing. *Id*.  Instead, on March 30, 2007, the State's Attorney elected to enter a nolle prosequi in each case.  Paper No. 20.

*See* Paper No. 23, *Short v. Warden*, Civil Action No. DKC-06-2217 (footnotes omitted).

[2]A search of the Maryland Judiciary website confirms that Petitioner's Prince George's County, Maryland case were entered nolle prosequi on March 30, 2007, rendering Petitioner's claim moot. *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=CT880867X&loc=65&detailLoc=PG